UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| STEVE W. COMSTOCK, | ) | NO. CV 08-3204 AGR |
| Plaintiff, | ) | |
| v. | ) | |
| MICHAEL J. ASTRUE, | ) | MEMORANDUM OPINION AND ORDER |
| Commissioner of Social Security, | ) | |
| Defendant. | ) | |

    Steve Comstock filed this action on May 15, 2008. Pursuant to 28 U.S.C. § 636(c), the parties consented to proceed before Magistrate Judge Rosenberg on May 22 and August 4, 2008. (Dkt. Nos. 6, 7.) On January 14, 2009, the parties filed a Joint Stipulation ("JS") that addressed the disputed issues. The Court has taken the matter under submission without oral argument.

    Having reviewed the entire file, the matter is remanded for an award of benefits.

///

///

///

///

**I.**

**PROCEDURAL BACKGROUND**

On May 23, 2005, Comstock filed an application for disability insurance benefits. A.R. 63-67. The applications were denied initially and upon reconsideration. A.R. 48-49. An Administrative Law Judge ("ALJ") conducted a hearing on January 19, 2007, at which Comstock testified. A.R. 319-340. On November 5, 2007, the ALJ issued a decision denying benefits. A.R. 19-29. Comstock requested review. A.R. 16.

On April 22, 2008, the Appeals Council ("AC") issued a decision in which it (1) granted Comstock's request to change the alleged disability onset date from October 27, 2003, to November 2, 2004; (2) adopted the ALJ's "statements regarding the pertinent provisions of the social Security Act, Social Security Administration Regulations, Social Security Rulings and Acquiescence Rulings, the issues in the case, and the evidentiary facts, as applicable"; (3) did not adopt the ALJ's "findings or conclusions regarding whether the claimant is disabled"; (4) found Comstock not to be disabled; and (5) designated its decision as the final decision of the Commissioner. A.R. 6-13.

This lawsuit followed.

**II.**

**STANDARD OF REVIEW**

Pursuant to 42 U.S.C. § 405(g), this Court reviews the Commissioner's decision to deny benefits. The decision will be disturbed only if it is not supported by substantial evidence, or if it is based upon the application of improper legal standards. *Moncada v. Chater*, 60 F.3d 521, 523 (9th Cir. 1995); *Drouin v. Sullivan*, 966 F.2d 1255, 1257 (9th Cir. 1992).

"Substantial evidence" means "more than a mere scintilla but less than a preponderance – it is such relevant evidence that a reasonable mind might accept as adequate to support the conclusion." *Moncada,* 60 F.3d at 523. In

1 determining whether substantial evidence exists to support the Commissioner's
2 decision, the Court examines the administrative record as a whole, considering
3 adverse as well as supporting evidence. *Drouin*, 966 F.2d at 1257. When the
4 evidence is susceptible to more than one rational interpretation, the Court must
5 defer to the Commissioner's decision. *Moncada*, 60 F.3d at 523.

## III.
## DISCUSSION

### A. Disability

A person qualifies as disabled, and thereby eligible for such benefits, "only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." *Barnhart v. Thomas*, 540 U.S. 20, 21-22, 124 S. Ct. 376, 157 L. Ed. 2d 333 (2003).

### B. Background

Comstock worked as a motion picture studio grip from 1976 to 2003. A.R. 73. On September 16, 2002, "he and a coworker were loading a truck with stucco set walls weighing over 500 pounds . . . when 1 of the walls fell over striking [Comstock] on his head." A.R. 137. Comstock was "unconscious for a few seconds. When he came to, he noted a dull aching pain in his head with a lump, neck, bilateral shoulders/arms, low back with pain radiating to his bilateral legs." *Id.* He was treated for his injuries over the next few years and declared permanent and stationary by his treating physician, Dr. deGrange, effective February 1, 2005. A.R. 195. Sometime after his injuries, he returned to work for light duty but stopped in October 2003 because of symptoms. A.R. 324-325.

### C. Appeals Council Findings

The AC found that Comstock has the following severe impairment: "cervical and lumbar disc disease." A.R. 12. Comstock has the residual

functional capacity ("RFC") to "lift 20 lbs occasionally, 10 lbs frequently, stand, walk for six out of eight hours; frequently climb, balance, stoop, kneel, crouch, and crawl." *Id.* The AC found that Comstock could not perform his past relevant work as a film industry grip but could perform a significant number of jobs in the national economy, including the jobs of Collator Operator, Cleaner, Housekeeping, Photocopy-Machine Operator, and Cashier. A.R. 12-13.

### D. Residual Functional Capacity

Comstock argues that the AC's RFC was not supported by substantial evidence. JS at 4.

The AC adopted, in part, the functional assessment of a non-examining state agency physician, Dr. Limos, completed on January 24, 2006. A.R. 10 (citing A.R. 239-246). Limos found that Comstock could lift/carry 20 pounds occasionally and 10 pounds frequently; could stand, sit, or walk about 6 hours in an 8-hour workday; and could push/pull without limitation. A.R. 240. The AC adopted these findings in its RFC. A.R. 10. However, the AC, without explanation, did not adopt Limos' other limitations. Limos found that Comstock could stoop, kneel, crouch, and crawl occasionally (A.R. 241), whereas the AC found that Comstock could do all those things frequently. A.R. 10. The AC omitted entirely Limos' limitation to occasional overhead reaching bilaterally. A.R. 242.

"[R]eports of the nonexamining advisor need not be discounted and may serve as substantial evidence when they are supported by other evidence in the record and are consistent with it." *Andrews v. Shalala*, 53 F.3d 1035, 1041 (9th Cir. 1995). The AC states that Limos' opinion "is consistent with the clinical evidence of record, treating and examining source opinions, and the claimant's own statements regarding his activities of daily living." A.R. 10.

The AC relied upon the opinion of a consultative physician, Dr. Altman, that Comstock was capable of performing light work. A.R. 10 (citing A.R. 299-

301). However, Dr. Altman concluded that Comstock could push/pull/lift/carry 10 pounds occasionally and frequently; postural activities frequent; and sit/stand/walk 6 hours in an 8-hour workday. A.R. 299. Light work generally involves lifting up to 20 pounds at a time. 20 C.F.R. § 404.1567(a)-(b). The AC points out that, in response to a question about occasional lifting, Dr. Altman's check-the-box form contains a check mark next to the box for 20 pounds. A.R. 11, 300. It is unusual to give a check-the-box form more weight than a contrary narrative report.

However, any error as to the lift/carry restriction is harmless because the ALJ's hypothetical to the vocational expert (VE) assumed that Comstock was limited to lifting and carrying ten pounds occasionally and frequently. A.R. 365. The VE responded that "even though he can only lift up to ten pounds he could also perform a light occupation like cashier two, which would be again light, unskilled." A.R. 366. To accommodate the ten-pound restriction, the VE reduced the number of jobs to 150,000 nationally and 30,000 in California. A.R. 366-368. The AC listed the job of cashier II in its findings. A.R. 12.

The AC noted that, even assuming a weight limitation, a job is considered light work when it requires a person to be standing or walking most of the workday. A.R. 11; 20 C.F.R. 404.1567(b) ("Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing or pulling of arm or leg controls."). Dr. Altman's opinion that Comstock could stand/walk six hours is consistent with Limos' opinion that Comstock could stand, sit, or walk about 6 hours in an 8-hour workday. A.R. 240, 299.

With respect to the stand/walk limitation, the AC rejected treating physician

5

(orthopedic surgeon) Dr. deGrange's March 1, 2007,[1] assessment "for less than sedentary work." A.R. 10, 293.  Dr. deGrange found that Comstock could occasionally and frequently lift/carry 10 pounds, could stand/walk less than 2 hours in an 8-hour workday, and had to alternate positions rather than sit continuously.  A.R. 293.

An opinion of a treating physician is given more weight than the opinion of non-treating physicians.  *Orn v. Astrue*, 495 F.3d 625, 631 (9th Cir. 2007).  When a treating physician's opinion is contradicted by another doctor, "the ALJ may not reject this opinion without providing specific and legitimate reasons supported by substantial evidence in the record.  This can be done by setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings."  *Id.* at 632 (citations and internal quotation marks omitted).

The AC rejected deGrange's March 1, 2007 assessment because it contradicted deGrange's workers compensation records in 2005.  A.R. 10-11.  Dr. deGrange's opinion in February and April 2005 noted "no prolonged sitting" and "no repetitive motion of the head and neck" in addition to no repetitive bending and stooping.  A.R. 163, 178, 181.  There is no apparent contradiction with the limitations that Comstock could stand/walk two hours, could not sit continuously and had to alternate positions.  A.R. 293.  The court notes that the AC rejected, without explanation, a state agency opinion by Dr. Bobba that Comstock could stand/walk only "at least 2 hours in an 8-hour workday." A.R. 10, 252.

The AC also states that its RFC "is further supported by the claimant's daily activities.  In a July 20, 2005 Function Report, the claimant reported engaging in the daily activities of preparing meals, shopping, and performing light indoor and outdoor housework." A.R. 11, 89-96.  If a claimant engages in daily activities

---

[1] The AC mistakenly says the assessment was done on March 10, 2007. A.R. 10, 293.

6

involving skills that could be transferred to the workplace, "[t]he ALJ must make 'specific findings relating to [the daily] activities' and their transferability to conclude that a claimant's daily activities warrant an adverse credibility determination." *Orn,* 495 F.3d at 639. "Only if the level of activity were inconsistent with the Claimant's claimed limitations would these activities have any bearing on Claimant's credibility." *Reddick v. Chater*, 157 F.3d 715, 722 (9th Cir. 1998) ("Several courts, including this one, have recognized that disability claimants should not be penalized for attempting to lead normal lives in the face of their limitations."). The AC did not make such findings. There is no indication that these daily activities would require Comstock to stand/walk more than two hours in an eight-hour workday. These activities are consistent with having to alternate sitting, standing and walking.

Because the AC's rejection of the sit/stand/walk limitations from the treating physician and state agency opinion are not supported by substantial evidence, these limitations are credited as a matter of law. *See Widmark v. Barnhart*, 454 F.3d 1063, 1069 (9th Cir. 2006).

### E. Remedy

The AC found that Comstock was an individual "closely approaching advanced age, who has a limited or less education and who has past relevant work which is of a skilled nature. The issue of transferability of work skills is not material to this decision." A.R. 12.

If the opinions of the treating physician and state agency physician Dr. Bobba are credited, Comstock would be capable of sedentary work. Grid Rule 201.10, Table 1 would mandate a finding of disabled.

Because there are no issues remaining for the agency to resolve, Comstock is entitled to an award of benefits. *Orn*, 495 F.3d at 640.

## IV.
## ORDER

IT IS HEREBY ORDERED that the matter is remanded for calculation of an award of benefits.

IT IS FURTHER ORDERED that the Clerk of the Court serve copies of this Order and the Judgment herein on all parties or their counsel.

DATED: April 21, 2009

                                            ALICIA G. ROSENBERG
                                            United States Magistrate Judge